UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR:120-090 |
| | ) | |
| JAMES LEE KINNISON | ) | |
| | ) | |

## PLEA AGREEMENT

Defendant **JAMES LEE KINNISON**, represented by his counsel John R.B. Long, and the United States of America, represented by Assistant United States Attorney Tara M. Lyons, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 2252A(a)(5)(B).

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in <u>Count One</u> are (1) the Defendant knowingly distributed an item or items of child pornography; (2) the item[s] of child pornography had been transported or mailed in interstate or foreign commerce including by computer; and (3) when the Defendant distributed the item[s], the Defendant believed the item[s] were child pornography.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

On or about October 27, 2018, in Madison County, within the Middle District of Tennessee, and in Richmond County, within the Southern District of Georgia, the defendant,

**JAMES LEE KINNISON,**

knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8), any visual depiction of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct, that has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, to wit: videos with the file names IMG_2641.MP4, IMG_3015.MP4, and IMG_2892.MP4.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject him to the following maximum possible sentence: 20 years' imprisonment, not less than 5 years' supervised release up to life, a $250,000 fine, such restitution as may be ordered by the Court, forfeiture of all forfeitable assets and registration as a sex offender under the Sex Offender Registration and Notification Act. **<u>Defendant's guilty plea will subject him to a mandatory minimum sentence of 5 years' imprisonment.</u>** The Court additionally must impose a $100 special assessment per count of conviction.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any

estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. Agreements Regarding Sentencing Guidelines

 a. Use of Information

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

 b. Acceptance of Responsibility

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or

greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

    c. <u>Child Exploitation Specific Offense Characteristics</u>

        i. The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that for purposes of Section 2G2.2(b)(2) of the Sentencing Guidelines the offense involved material the material involved a prepubescent minor or a minor who had not attained the age of 12 years

        ii. The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that for purposes of Section 2G2.2(b)(3)(F) of the Sentencing Guidelines the offense involved the distribution of child pornography.

        iii. The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that for purposes of Section 2G2.2(b)(4) of the Sentencing Guidelines the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler.

        iv. The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that for purposes of Section 2G2.2(b)(6) of the Sentencing Guidelines the offense

involved the use of a computer to distribute the material.

v. The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that for purposes of Section 2G2.2(b)(7)(D) of the Sentencing Guidelines the offense involved more than 600 images.

7. Forfeiture

a. Defendant agrees to forfeit his interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the Title 21 offense to which he has agreed to plead guilty, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of that offense, to include the following: a Samsung Galaxy S7 cellular telephone and a HP Laptop. (collectively, the "Subject Property").

b. Defendant states that he is the sole and rightful owner of the Subject Property, that, to the best of his knowledge, no other person or entity has any interest in the Subject Property, and that he has not transferred, conveyed, or encumbered his interest in the Subject Property. Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

c. Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d. Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

8. Financial Obligations and Agreements

   a. Restitution

Defendant agrees to comply with any restitution order entered at the time of sentencing. Defendant further agrees that Defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding, and that any restitution order is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction. Defendant acknowledges that the United States may not decline to enforce restitution because of the Defendant's economic circumstances or the fact that the victim has, or is

entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.

   b.   Special Assessment

Defendant agrees to pay a special assessment in the amount of $100 payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

   c.   Required Financial Disclosures

Upon request by the Government or United States Probation, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

   d.   Financial Examination

Upon request by the United States, the Defendant agrees to submit to a financial deposition or interview and provide all documents within the Defendant's possession or control regarding the Defendant's financial resources and that of the Defendant's household.

e.  <u>No Transfer of Assets</u>

Defendant certifies that he has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations or forfeiture created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future, and that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset for the purpose of evading or defeating his restitution obligation.

f.  <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs in this case. Such notification will be made within ten days of the event giving rise to the changed circumstances.

g.  <u>Enforcement</u>

The Defendant agrees that all monetary penalties imposed by the Court, including restitution are due immediately and subject to immediate enforcement by the Government. Defendant agrees that any partial restitution payments made by the Defendant do not preclude the Government from using any other anticipated or unexpected financial gains, assets or income of the defendant to satisfy the restitution obligation. The Defendant understands and agrees that if a payment schedule (other than "due immediately") is imposed by the Court, it is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant

understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

9. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

   b. <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

   c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10. <u>Sex Offender Registration</u>

Defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Independent of supervised release, he will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout his life.

11. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty,

including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

13. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

|  | DAVID H. ESTES |
|---|---|
|  | ACTING UNITED STATES ATTORNEY |
| 04/27/2021 | *signature* |
| Date | Patricia G. Rhodes |
|  | Georgia Bar No. 307288 |
|  | Deputy Chief, Criminal Division |
|  | *signature* |
| 04/27/2021 | Tara M. Lyons |
| Date | South Carolina Bar No. 16573 Assistant United States Attorney |

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

4/6/21
Date

Defendant, JAMES LEE KINNISON

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

4/24/2021
Date

Defendant's Attorney, John R.B. Long, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) ) | CR: 120-090 |
| JAMES LEE KINNISON | ) ) ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 14th day of May, 2021.

_____
HONORABLE J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA